UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BEEPER VIBES, INC., | : | Case No. 3:10-cv-473 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| SIMON PROPERTY GROUP, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' RENEWED MOTION FOR COSTS AND FEES (Doc. 96)**

This civil action is before the Court on Defendants' renewed motion for costs and

fees (Doc. 96) and the parties' responsive memoranda (Docs. 99, 100, 103, 104).[1]

## I.     BACKGROUND FACTS

Plaintiff filed a complaint alleging that it was fraudulently induced into entering

into leases with the Defendants.  (Doc. 1).  Defendants sought to recover $885,674.62

plus interest by way of counterclaims on their respective leases with Plaintiff.  (Doc. 10).

The Court granted Defendants' motion for summary judgment and dismissed all of

Plaintiff's claims.  (Doc. 47 at 18).  With respect to Defendants' counterclaims, after a

trial to the bench this Court found that:

---

[1] Plaintiff requests that this matter be set for an evidentiary hearing.  (Doc. 99 at 1).  "Evidentiary hearings are not required in attorney's fees determination."  *Tr. for Michigan Laborers Health Care Fund v. E. Concrete Paving Co.*, 948 F.2d 1290 (6th Cir. 1991).  District courts have substantial discretion in determining whether to conduct an evidentiary hearing on attorneys' fees motions.  *Bldg. Serv. Local 47 v. Grandview Raceway*, 46 F.3d 1392, 1401-2 (6th Cir. 1995).  This Court finds that an evidentiary hearing is not required.

1.      In connection with the Boynton lease, Boynton terminated the lease when Plaintiff was current on the rent and therefore "Beeper Vibes owes nothing on the Boynton Lease."  (Doc. 79 at 17, ¶ 3).

2.      With respect to the Dadeland lease, the Court found that there was "no evidence that Dadeland ever tendered possession of the space to Beeper Vibes."  (Doc. 79 at 16, ¶ 2).  Therefore, Plaintiff "did not breach the Dadeland lease."  (*Id.*, ¶ 3).

3.      With respect to the Coral lease, Coral/Simon "should have credited Beeper Vibes for the rents obtained by Payless Fragrances."  (Doc. 79 at 18, ¶ 4).  The Court awarded $141,579.41 in damages with respect to this lease.

4.      The Court also awarded damages in the amount of $36,500 to Keystone and $18,635.08 to Sunrise.  (Doc. 79 at 20).

Defendants allege that they spent a total of 479.3 hours litigating this case before the district court.  Based on this time, Defendants claim that they are entitled to $185,661.50 in fees and $11,431.73 in expenses.

Following this Court's judgment, both parties appealed the decision to the Sixth Circuit.  The Sixth Circuit affirmed this Court's decision in all respects.  (Doc. 95).  Subsequently, the Court of Appeals issued a mandate in which it declined to award costs or fees to either party.  (Doc. 98).  Defendants also request $25,537.00 in fees and $798.28 in expenses related to the appellate action.

## II.    STANDARD OF REVIEW

### A.    Attorney Fees

"Provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced." *Lashkajani v. Lashkajani*, 911 So.2d 1154, 1158 (Fla. 2005).  However, "[u]nder Florida law, a trial court has the discretion to deny contractual attorney's fees if the party seeking fees is unsuccessful on the merits of its claim." *Tartaglia v. Big Apple Consulting USA, Inc*., No. 09-591-28, 2011 U.S. Dist. LEXIS 150218, 2011 WL 6937465, at *3 (M.D. Fla. Nov. 22, 2011).  When a party achieves partial, but not complete success, a partial award of attorney's fees may be granted based on "the degree of success obtained." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist*., 489 U.S. 782 (1989).  The Eleventh Circuit recently concluded that contractual language permitting fees for proceedings or litigation "arising out of this Contract" applied to all claims "inextricably intertwined" with the contract.  *Dolphin LLC v. WCI Comms., Inc*., 715 F.3d 1243, 1250-51 (11th Cir. 2013).  Claims are "inextricably intertwined" when a "determination of the issues in one action would necessarily be dispositive of the issues raised in the other." *Cuervo v. W. Lake Vill. II Condo Ass'n*, 709 So. 2d 598, 599-600 (Fla. App. 1998).

This Court is afforded broad discretion in addressing attorney's fees issues.  *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2011) ("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no

precise rule or formula for making these determinations.").[2]  The burden of proving

entitlement to reasonable attorney's fees is on the moving party.  *Webb v. Cty. Bd. of

Educ.*, 471 U.S. 234, 242 (1985).

### B.    Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "costs …should be allowed

to the prevailing party unless the court otherwise directs."  "This language creates a

presumption in favor of awarding costs, but allows denial of costs at the discretion of the

trial court."  *Soberay Mach. & Equipment Co. v. MRF Lts., Inc.*, 181 F.3d 759, 770 (6th

Cir. 1999).  "[I]t is incumbent upon the unsuccessful party to show circumstances

sufficient to overcome the presumption" favoring an award of costs to the prevailing

party.  *Lichter Foundation, Inc. v. Walch*, 269 F.2d 142, 146 (6th Cir. 1959).

### III.    ANALYSIS

### A.  Redacted Documents

As an initial matter, Plaintiff argues that the billing invoices that this Court

ordered to be produced in unredacted form (1/22/15 Notation Order), are still redacted

and missing pages.  Accordingly, Plaintiff requests that this Court again order Defendants

to produce complete copies of the invoices.

Defendants' invoice production was clearly sloppy.  Defendants should have

explained the redactions and missing pages.  However, it is clear to this Court that the

---

[2] A court has the discretion to award attorneys' fees based on its inherent powers.  *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996).  *See also* 28 U.S.C. § 1927.

only information redacted and/or missing from the production is: (1) matter descriptions and narratives pertaining to legal matters that Defendants' counsel performed for Simon Property Group entities *other* than this matter; and (2) back pages of invoice packages that included invoicing histories. None of these items has any bearing on the determination of fees and costs in this case. Therefore, the Court declines to order their production.

## B. Attorney Fees

### 1. *District Court Action*

Defense counsel seeks $185,661.50 in fees for 479.3 hours spent representing Defendants in this Court. (Doc. 96-2 at ¶ 15).

Plaintiff sued Defendants seeking compensatory damages against them in the amount of $1,000,000. (Doc. 1). Defendants successfully defended against the claims and Plaintiff recovered nothing.[3] In response, Defendants filed counterclaims seeking allegedly unpaid rents of $768,148.81. (Doc. 96, Ex. 2 at ¶ 12). Defendants recovered $196,714.49. In part, the Court found that Defendants frivolously denied the fact that some spaces had been re-let. (Doc. 79). A considerable amount of discovery was conducted in determining the issue of rent, and the bench trial was exclusively about rent.

Plaintiff leased the properties at issue pursuant to written lease agreements.[4]

---

[3] With respect to the time spent defending against Plaintiff's fraud claims, Defendants' fees are clearly recoverable under the plain language of the leases. (*See* Doc. 96, Ex. 2 at ¶¶ 8, 9).

[4] Plaintiff does not question the reasonableness of defense counsels' hourly rates, and the Court finds them reasonable

These leases provide for the recovery of attorney's fees.[5]  Defendants are the prevailing parties on multiple counterclaims and therefore are entitled to reasonable attorney fees and costs pursuant to the lease agreements.  "When the parties to a contract determine that the prevailing party in any litigation shall be entitled to attorneys' fees, it is the court's duty to enforce the attorneys' fees provision in the parties' contract."  *Davis v. Nat'l Med. Enters., Inc.*, 253 F.3d 1314, 1321 (11th Cir. 2001).[6]  All of the leases indicate that they are governed by the laws of the State of Florida.  Since Defendants right to a fee award, if any, is derived solely from leases governed by Florida law, Florida law controls.

In Florida, when a party seeks attorney fees on multiple claims, the party has an affirmative duty to demonstrate what portion of the fees were expended on the successful claims which give rise, under the contract, to its right to fees.  *See, e.g., Rockledge Mall Associates, Ltd. v. Custom Fences of Brevard, Inc.*, 779 So. 2d 558, 559 (Fla. App. 2001);

---

[5] The leases entered between Plaintiff and Defendants Sunrise Mills Limited Partnership ("Sunrise") and Keystone-Florida Property Holding Corp ("Keystone") state that "[i]f Landlord is required to bring or defend any litigation arising out of this Lease, or to enforce or defend the provisions hereof, Landlord *shall* recover from Tenant its *reasonable attorneys' fees and costs*."  (Doc. 96, Ex. 2 at ¶ 8) (emphasis added).  Under the leases entered between Plaintiff and Defendants Boynton JCP Associates, LTD ("Boynton"), Coral-CS/Ltd. Associates ("Coral") and SDG Dadeland Associates, Inc. ("Dadeland"), these landlords are contractually entitled to recover "all damages incurred by reason of [Tenant's] breach or default."  (*Id.* at ¶ 9).  This Court found that Plaintiff did not "breach or default" under either the Boynton or Dadeland leases.  With respect to the Coral Square lease, this Court awarded Coral $141,579.41 in compensatory damages.

[6] *See also Hutchinson v. Hutchinson*, 687 So. 2d 912, 913 (Fla. App. 1997) ("Where a contract provides attorney's fees for a prevailing party, the trial judge is without discretion to decline to enforce the provision.").

*Plapinger v. Eastern States Props. Realty Corp.*, 716 So. 2d 315, 318 (Fla. App. 1998).[7]

In *Plapinger*, the Court held that

> [t]he party asserting a right to attorneys' fees under a written contract
> has the burden not only of demonstrating its general right of recovery,
> but also the reasonable amount due for asserting or defending the
> contract right.  It is also that party's burden to demonstrate what portion
> of time or effort was expended in the lawsuit involving the defense of,
> or recovery on the contract, which allows for recovery of attorney's
> fees, if there are other separate transactions or counts litigated at the
> same time for which an award of attorney's fees is not appropriate.

716 So. 2d at 318.  However, where the plaintiff's claims arise out of a common core of

facts, and involve related legal theories, the inquiry is more complex.  In such a case "the

most critical factor is the degree of success obtained."  *Hensley v. Eckerhart*, 461 U.S.

424, 436 (1983).[8]  District courts should exercise their equitable discretion in such cases

to arrive at a reasonable fee award, either by attempting to identify specific hours that

---

[7] In *Prato v. Hacienda Del Mar*, No. 2:08cv883, 2011 U.S. Dist. LEXIS 97808, at *8 (M.D. Fla. Aug. 31, 2011), plaintiffs argued that the defendant failed to specifically allocate its billing records for the claims that authorize attorneys' fees.  However, the court found that this was not required because defendant prevailed on all counts except claims that were clearly intertwined with the other claims.  Accordingly, the court found that the defendant was entitled to attorney's fees and costs of the litigation for the entire case.  *Id.* at 9.  *See also Anglia Jacs & Co. Inc. v. Dubin*, 830 So. 2d 169, 172 (Fla. App. 2002) ("where the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought.").  Accordingly, the court found that the defendant was entitled to attorney's fees and costs of the litigation for the entire case.

[8] *See, e.g., Tex. State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 789-90 (1989) ("where the plaintiff's claims arise out of a common core of facts, and involve related legal theories…the most critical factor is the degree of success obtained…[and] the district courts should exercise their equitable discretion in such cases to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff.");  *Country Manors Ass'n, Inc. v. Master Antenna Sys., Inc.*, 534 So. 2d 1187, 1193 (Fla App. 1988) ("When a party prevails on only a portion of the claims made in the litigation, the trial court must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims.").

should be eliminated or by simply reducing the award to account for the limited success of the plaintiff.  *Id.* at 437.

Upon review of the billing invoices, the Court determines that a reduction of some attorney hours is appropriate.  While the claims were inextricably intertwined[9] early in the case, the issue of rent was litigated separately, after the Court's April 2, 2013 Order issued.  (*See* Doc. 47).  Although it is impossible to determine how much time was expended litigating each individual lease, Defendants are only entitled to recover fees and costs on the leases where they prevailed.  Ultimately, Defendants obtained only 26% of the rent they sought (demanded $768,148.81 and were awarded $196,714.49).  Accordingly, the Court reduces Defendants' fee award from April 2, 2013 (the day the Court dismissed Plaintiff's claims) through the date of trial ($44,420.00) by 74% ($11,549.20).[10]  "The district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

---

[9] Claims are "inextricable intertwined" when a "determination of the issues in one action would necessarily be dispositive of the issues raised in the other."  *Cuervo*, 709 So. 2d at 599-600.

[10] Defendants argue and Courts have found that "when claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorneys' fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced."  *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1169 (6th Cir. 1996).  However, the counterclaims in this case are based on different facts and separate lease contracts.  Still, the legal theories and many of the players involved overlap, which make allocating fees to each specific lease impossible.  Defendants can only collect attorney fees on the leases that were breached.  As this Court has already determined, not all of the lease agreements were breached.  Since Defendants did not recover rent for each of the leases, the Court cannot award the entire amount of fees requested.

Given the impossibility of calculating the "rent-related" fees with any precision, the Court determines that $11,549.20, which equals 26% percent of Defendants' rent-related attorneys' fees is appropriate. While such a methodology is potentially arbitrary, it is the most accurate, efficient, and practical way to effectuate the purpose of the fee award. *See, e.g., Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 555 (6th Cir. 2008) (the district court may focus on the plaintiff's overall success where the claims are related and not examine the plaintiff's success on a strict claim-by-claim basis).

Accordingly, the Court reduces Defendants' requested fee award to $152,790.70. This fee award adequately compensates counsel based on the plain language of the leases, yet avoids the windfall that would result if the Court awarded fees totaling $185,661.50.

### 3. *Court of Appeals*

Defendants also seek to recover attorney fees in the amount of $25,537.00 in connection with the appeal. (Doc. 96, Ex. 2 at ¶ 17). Both parties appealed this Court's decision, but the Sixth Circuit affirmed the decision in its entirety. (Doc. 95). In fact, the Sixth Circuit declined to award fees and costs associated with the appeal. (Doc. 98). Since neither party prevailed on appeal, the contractual language of the leases do not require this Court to award fees. Accordingly, this Court declines to award fees associated with the appeal.

### 4. *Who is entitled to recover fees*

Finally, Plaintiff argues that a review of the invoices indicates that defense counsel billed Simon Property Group, Inc., but none of the other Defendants. Plaintiff argues that

the leases refer to the rights of the "landlord" and therefore these leases limit recovery, if any, to the "landlord."  Simon is not a party to any of the leases as the "landlord" or otherwise and therefore Plaintiff argues that Simon is not entitled to recovery under the leases.

The Court finds that a party cannot escape liability for fees under a contract because another party, related to the prevailing party, wrote the checks to pay for the litigation fees.  Parties are not precluded from recovering attorneys' fees simply because another party actually pays for them.  *Hart v. City of Groveland*, 919 So. 2d 665, 667-68 (Fla. App. 2006).  If this were in fact the law, no corporate parents could pay for the legal affairs of their subsidiaries.

### B.    Expenses

#### 1.    District Court

Defendants also seek $11,431.73 in costs from litigation in this Court.  The leases provide for "reasonable attorneys' fees and costs" and "all damages incurred by reason of [Tenant's] breach."  (Doc. 96, Ex. 2 at ¶¶ 8-9).  Under Florida law, a court may award costs that were agreed to at the inception of a contractual relationship.  *See Deutsche Bank Nat'l Trust Co. v. Fine*, No. 2:06cv417, 2007 U.S. Dist. LEXIS 47712, at *22 (M.D. Fla. July 2, 2007).  In addition to determining whether the costs are covered by the contractual provision at issue, courts should ensure that the amount of the costs is reasonable.  *Id.*  The district court may use its "best judgment" to determine what

expenses are "reasonable and necessary[.]" *Id.*[11] As the party seeking reimbursement of costs, Defendants have the burden of establishing their right to reimbursement. *Potter v. Blue Cross Blue Shield of Mich.*, No. 10-14981, 2014 U.S. Dist. LEXIS 44720, at *55-56 (E.D. Mich. Jan. 30, 2014).

Based on the Court's analysis *supra* at Section III.B.1, the Court determines that Defendants expended $4,394.86 in costs after the Court's April 2, 2013 Order and before the appeal. These costs are clearly attributable to Defendants' counterclaims. Since Defendants only prevailed on 26% of its counterclaims, the Court reduces these costs to $1,142.66. Accordingly, the Court finds that an award of $8,179.53 in costs is reasonable.

### 2. *Court of Appeals*

Defendants also seek to recover costs in the amount of $798.28 in connection with the appeal. (Doc. 96, Ex. 2 at ¶ 17). The Court denies this request for the reasons explained *supra* at Section III.A.3.

## IV. CONCLUSION

Accordingly, for these reasons, Defendants' motion for fees and costs (Doc. 96) is **GRANTED IN PART** and **DENIED IN PART** as set forth in this Order. Specifically, the Court awards Defendants $152,790.70 in fees and $8,179.53 in costs. Plaintiff shall pay a total of $160,970.23 **within 30 days** of the date of this Order and shall simultaneously docket with the Court a notice of compliance.

---

[11] Plaintiff does not specifically question the reasonableness of defense counsels' fees, only that they are generally improper.

**IT IS SO ORDERED**.

Date:  4/17/15

_s/ Timothy S. Black_
Timothy S. Black
United States District Judge